**Johnny A. CASTRO, Sr., Petitioner—Appellant,**

v.

**Robert L. AYERS, Warden, Respondent—Appellee.**

No. 02–57125.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2004.*

Decided May 17, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Johnny A. Castro, Sr., Soledad, CA, pro se.

Terri A. Law, Esq., Sherman Oaks, CA, for Petitioner–Appellant.

Stephanie A. Mitchell, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: BROWNING, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM **

Petitioner Johnny A. Castro, Sr., appeals the district court's denial of his petition for a writ of habeas corpus. The standards of AEDPA, 28 U.S.C. § 2254(d), apply to his petition.

The California courts permissibly held that Petitioner did not receive ineffective assistance of counsel at trial. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (stating elements of claim of ineffective assistance). Even if his aunt had been called as a witness at trial, the outcome would not have been different. Petitioner was convicted of possession of contraband, and the evidence of possession was not in doubt; his aunt's ownership of the contraband and Petitioner's reason for possessing it were not relevant.

The California courts also permissibly held that Petitioner did not receive ineffective assistance of counsel at sentencing. The Court of Appeal's conclusion that the aunt's testimony would not have altered the sentencing judge's decision was rea-

sonable in view of the facts that counsel's proffer was known to the sentencing judge, the aunt's proffered testimony was consistent with Petitioner's, and the sentencing judge did not question Petitioner's explanation for why he possessed the contraband.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.